# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

TAMARA TRAVERS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　Case No. 4:13-cv-13744
　　　　　　　　　　　　　　　　　　)
GC SERVICES, LP,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

## PLAINTIFF'S COMPLAINT

Plaintiff, TAMARA TRAVERS ("Plaintiff"), through Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Collection Practices Act, Mich. Comp. Law § 445.251, *et seq.* ("MCPA").

3. Count III of Plaintiff's Complaint is based on the Michigan Occupational Code, *Mich. Comp. Law 339.901 et seq.* ("MOC").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k (FDCPA).

5. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Clarkston, Oakland County, Michigan.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, Mich. Comp. Law § 445.251(d), and *Mich. Comp. Law § 339.901(f)*.

9. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*, Mich. Comp. Law § 445.251(a), and *Mich. Comp. Law § 339.901(a)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, Mich. Comp. Law § 445.251(b), and *Mich. Comp. Law § 339.901(b)*.

11. Within one (1) year of Plaintiff filing this Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

*See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Chase credit card, account number ending in 4416, Defendant's file number 114787.

20. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

21. Defendant's account representative, M. Hetterman, communicated with Plaintiff regarding the Account on or about May 4, 2013.

22. Defendant's account representative, M. Hetterman, reviewed the letter dated May 4, 2013, prior to it being mailed to Plaintiff.

23. Defendant's account representative, M. Hetterman, was working within the scope of his or her employment when he or she communicated with Plaintiff in an attempt to collect on the Account.

24. Defendant's account representative, J. Doyle, communicated with Plaintiff regarding the Account on or about June 4, 2013.

25. Defendant's account representative, J. Doyle, reviewed the letter dated June 4, 2013,

prior to it being mailed to Plaintiff.

26. Defendant's account representative, J. Doyle, was working within the scope of his or her employment when he or she communicated with Plaintiff in an attempt to collect on the Account.

27. Defendant's assistant manager, Teresa A. Fontenot, communicated with Plaintiff regarding the Account on or about June 5, 2013.

28. Defendant's assistant manager, Teresa A. Fontenot, reviewed the letter dated June 5, 2013, prior to signing it.

29. Defendant's assistant manager, Teresa A. Fontenot, signed the letter dated June 5, 2013.

30. Defendant's assistant manager, Teresa A. Fontenot, was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect on the Account.

31. Defendant's collection manager, John H. Doyle, communicated with Plaintiff regarding the Account on or about August 9, 2013.

32. Defendant's collection manager, John H. Doyle, reviewed the letter dated August 9, 2013, prior to signing it.

33. Defendant's collection manager, John H. Doyle, signed the letter dated August 9, 2013.

34. Defendant's collection manager, John H. Doyle, was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect on the Account.

35. Defendant called Plaintiff at 248-922-13xx in an attempt to collect on the Account.

36. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the Account.

37. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the Account.

38. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "This message is intended for Tamara Marie Travers… [inaudible]. Return this call as soon as you get this message. I can be reached at 866-862-2793, at extension 3840. Again, my phone is 866-862-2793, at extension 3840. Please return my call."

39. Defendant's collector that left the message transcribed in paragraph 38 was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

40. Defendant's message for Plaintiff does not state that the call is from GC Services, LP.

41. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

42. Defendant's collector that left the message transcribed in paragraph 38 is familiar with the FDCPA.

43. Defendant's collector that left the message transcribed in paragraph 38 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

44. Defendant's collector that left the message transcribed in paragraph 38 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

45. The telephone number of 866-862-2793 is one of Defendant's telephone numbers.

46. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

47. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

48. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

49. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

50. Defendant recorded all of its telephone communications with third parties regarding the Account.

51. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

52. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

53. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

54. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

55. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

56. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

57. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

58. Per the nationwide PACER records, Defendant has defended approximately two-hundred (200) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

59. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

60. In the last three (3) years, Defendant has had 271 Complaints filed against it with the Better Business Bureau.

61. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

62. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710, *Darci Ravenscraft v. GC Services, LP*.

63. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637, *Manrico Lollie v GC Services, LP*.

64. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084, *Daniel Lambeth v. GC Services, LP*.

65. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570, *Mordechai Pinson v. GC Services, LP*.

66. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06093, *Lana Babcock v. GC Services, LP*.

67. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00510, *Sheila Pratt v. GC Services, LP*.

68. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-00199, *Thomas Laile v. GC Services, LP*.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

69. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

70. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

71. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TAMARA TRAVERS, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

72. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

8

73. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

74. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN COLLECTION PRACTICES ACT

75. Plaintiff repeats and re-alleges paragraphs 1-68 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

76. Defendant willfully violated the MCPA based on the following:

    a. Defendant violated §445.252(e) of the MCPA by leaving messages for Plaintiff without telling Plaintiff it was an attempt to collect a debt;

    b. Defendant violated §445.252(g) of the MCPA by communicating with Plaintiff without accurately disclosing the call was from GC Services, LP.

    c. Defendant violated §445.252(q) of the MCPA by failing to implement a procedure designed to prevent a violation by an employee.

77. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

78. As a result of the foregoing violations of the MCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TAMARA TRAVERS, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

79. Statutory damages of $150.00 pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2);

80. Costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2); and

81. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

82. Plaintiff repeats and re-alleges paragraphs 1-68 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

83. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendant violated *§339.915*(a) of the MOS by communicating with Plaintiff in a misleading or deceptive manner when Defendant left a voicemail message for Plaintiff that did not state the communication was from GC Services, LP, and did not state that the communication was an attempt to collect a debt.

   b. Defendant violated *§339.915(e)* of the MOC by making an inaccurate, misleading, untrue, or deceptive statement or claim in communications with Plaintiff by failing to inform Plaintiff that the communication was an attempt to collect a debt.

   c. Defendant violated *§339.915*(g) of the MOC by communicating with Plaintiff without disclosing to Plaintiff that the call was from GC Services, LP.

84. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

85. As a result of the foregoing violations of the MOC, Defendant is liable to the Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TAMARA TRAVERS, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

86. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*;

87. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*; and

88. Any other relief that this Honorable Court deems appropriate.

DATED: September 2, 2013          RESPECTFULLY SUBMITTED,

                                                      By: /s/ Michael S. Agruss
                                                      Michael S. Agruss
                                                      Agruss Law Firm, LLC
                                                      22 W. Washington St., Suite 1500
                                                      Chicago, IL 60602
                                                      Tel: 312-224-4695
                                                      Fax: 312-253-4451
                                                      michael@agrusslawfirm.com
                                                      Attorney for Plaintiff